**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ROGER MERRIL,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN ELECTRIC HOLDINGS, INC. AND COMPUTERSHARE INC.,<br><br>Defendants. | Case No. 1:21-cv-00811<br><br>Judge Dan Aaron Polster<br><br>JURY DEMAND ENDORSED HEREIN |
| LINCOLN ELECTRIC HOLDINGS, INC. AND COMPUTERSHARE INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SHERYL MAXFIELD, In Her Official Capacity As DIRECTOR OF COMMERCE OF THE STATE OF OHIO<br>77 South High Street, 20th Floor<br>Columbus, Ohio 43215<br><br>AKIL HARDY, In His Official Capacity As SUPERINTENDENT OF THE DIVISION OF UNCLAIMED FUNDS<br>77 South High Street, 20th Floor<br>Columbus, Ohio 43215<br><br>Third-Party Defendants. | |

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs Lincoln Electric Holdings, Inc. ("Lincoln") and Computershare Inc. ("Computershare"), by and through their undersigned counsel, allege as follows:

**PRELIMINARY STATEMENT**

1. This Third-Party Complaint arises from a decision by the State of Ohio (the "State"), by and through Sheryl Maxfield, Director of Commerce and/or Akil Hardy, Superintendent of the Division of Unclaimed Funds (collectively, "Director"), to liquidate 11,900 shares of Lincoln stock previously owned by Plaintiff Roger Merril ("Plaintiff")—a former employee of The Lincoln Electric Company, a Lincoln subsidiary. Lincoln, the holder of the abandoned shares, and Computershare, its stock transfer agent, lawfully escheated the 11,900 shares to the custody of the State after the statutory five-year period of abandonment for the property, as required under the Unclaimed Funds Act of Ohio (the "Act"). In the underlying action, Plaintiff sued Lincoln and Computershare, blaming them for purported damages arising from the State's subsequent sale of the shares.

2. Plaintiff asserts claims against Lincoln and Computershare for negligence, violations of the Ohio Consumer Sales Protection Act, conversion, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, securities fraud, and violations of 42 U.S.C. § 1983. Plaintiff seeks damages (including treble and punitive damages), costs, attorneys' fees, and pre-judgment and post-judgment interest.

3. Lincoln and Computershare deny any wrongdoing, duty to Plaintiff, or breach of any duty owed to Plaintiff, deny that Plaintiff has sufficiently alleged any injuries or damages, and deny that Lincoln or Computershare caused any injuries or damages to Plaintiff.

4. When Lincoln and Computershare reported and remitted the abandoned Lincoln shares to the Director, they were relieved of any further responsibilities for the safe-keeping of that unclaimed property. Under Ohio Revised Code § 169.07(A), any holder of unclaimed funds "will

be held harmless by the state from any and all liabilities for any claim arising out of the transfer of such funds to the state."

5. Indeed, Ohio law requires that, upon written notice from a holder of unclaimed funds of any legal proceedings arising from a transfer of unclaimed property to the statute, the Director is statutorily required to intervene and assume the defense of those proceedings. *See* Ohio Rev. Code § 169.07(B). Ohio law also provides that if judgment is entered against the holder, the Director must reimburse the holder for the amount of the judgment, including reimbursing the holder for attorneys' fees, costs, and other expenses incurred in the proceedings. *See id.*

6. Lincoln and Computershare have provided the Director with proper written notice of these proceedings pursuant to Ohio Revised Code § 169.07(B).

7. Thus, in the event that Lincoln and/or Computershare are determined to be liable to Plaintiff and are ordered to pay damages, the Director shall "reimburse such organization for the amount of the judgment . . . and shall reimburse such holder for any legal fees, costs and other expenses incurred in such proceedings."

## PARTIES

8. Lincoln is an industrial manufacturing company incorporated under the laws of the State of Ohio with its principal place of business in Cleveland, Ohio. Lincoln stock is traded on the NASDAQ exchange under the symbol LECO.

9. Computershare is a registered recordkeeping transfer agent incorporated under the laws of the State of Delaware with its principal place of business in Canton, Massachusetts. In August 2018, Lincoln contracted with Computershare for, among other things, services related to identifying dormant shareholders and notifying them of escheatment to the State. Lincoln and

Computershare executed a Transfer Agency and Service Agreement under which Computershare assumed the role of sole transfer agent and registrar for Lincoln stock.

10. Sheryl Maxfield is an Ohio citizen and currently serves as the Director of Commerce for the State of Ohio. At all times relevant to this matter, Ms. Maxfield supervised and administered the Division of Unclaimed Funds of the Ohio Department of Commerce. The Division of Unclaimed Funds is responsible for managing unclaimed funds, including abandoned shares of public company stock. Ms. Maxfield is sued here in her official capacity as the Director of Commerce for the State of Ohio.

11. Akil Hardy is an Ohio citizen and currently serves as the Superintendent of the Division of Unclaimed Funds in the Ohio Department of Commerce. Mr. Hardy is sued here in his official capacity as Superintendent of the Division of Unclaimed Funds.

**JURISDICTION AND VENUE**

12. The Court has subject matter jurisdiction over Lincoln and Computershare's third-party claims against the Director under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's claims that they form part of the same case or controversy out of which the claims in the underlying action arose under Article III of the United States Constitution.

13. Venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to these third-party claims occurred in this district.

**FACTS**

**A. The Escheatment of Plaintiff's Shares**

14. As a publicly-traded company, Lincoln has legal obligations regarding dormant shareholders and unclaimed funds (*i.e.*, abandoned shares of Lincoln stock). Under the Act, certain

types of intangible property, including shares of public company stock, become "unclaimed funds" when they have been dormant for a period of five years or more.

15. To determine whether property has become dormant, Lincoln must follow the Act and its regulations, which provide that only "owner-generated activity" is sufficient to avoid dormancy. Specifically, account activity initiated by Lincoln and its agents—such as crediting dividends, posting account fees, mailing account statements, the non-return of mail sent by the holder to the account owner, or automatic financial or administrative transactions or activity, such as automatic payments—does not constitute "owner-generated activity" under the applicable regulation. *See* Ohio Admin. Code § 1301:10-1-01(P).

16. Lincoln is considered a "holder" of unclaimed funds when it is holding shares that have become dormant under the Act. Every holder of unclaimed funds must report to the Director annually regarding any dormant shares. If there has been no owner-generated activity on an account in five years or more, the holder must remit the shares to the custody of the Director. The process of mandated reporting and remitting of property to the custody of the Director pursuant to Act is referred to as an escheatment.

17. Before reporting any dormant shares to the Director, the Act requires Lincoln to notify each "owner" of each item of unclaimed funds with a value of fifty dollars or more. A shareholder of dormant shares is an "owner" under the Act. For shares valued over fifty dollars, the notice must be mailed certified, return-receipt.

18. In August 2018, Lincoln contracted with Computershare for, among other things, services related to identifying dormant shareholders and notifying them of escheatment to the State. At all times relevant to this case, Computershare acted as the sole transfer agent for Lincoln

stock. Pursuant to its contract with Lincoln, Computershare agreed to notify dormant shareholders regarding possible escheatment through due diligence letters.

19. During the 2019 compliance season, Computershare analyzed its records for registered shareholders of Lincoln and identified Plaintiff, who owned 11,900 Lincoln shares, as an account on which there had been no recent owner-generated activity as required by Ohio law. Pursuant to the Act, on July 9, 2019, Computershare sent Plaintiff a due diligence letter certified, return-receipt to Plaintiff's last known address in Mentor, Ohio. The due diligence letter required a response from Plaintiff by August 23, 2019, before his shares would be reported and remitted to the custody of the State. Computershare received no response from Plaintiff on or before the deadline.

20. Thus, as required by the Act, on August 30, 2019, Lincoln and Computershare transferred custody of Plaintiff's 11,900 Lincoln shares to the Director. The Director, who supervises and administers the Division of Unclaimed Funds, was thereafter responsible for the safe-keeping of those shares, and Lincoln and Computershare were relieved of any further responsibilities with respect to the unclaimed property. *See* Ohio Rev. Code § 169.07(A).

21. On information and belief, the Director ultimately liquidated the shares and issued Plaintiff a check for the proceeds of the sale. The liquidation of the shares and issuance of the check to Plaintiff occurred without any actual or statutorily required input or involvement from Lincoln or Computershare.

22. Under Ohio law, the Director must hold Lincoln and Computershare harmless from any and all liabilities for any claims arising out of the reporting and remittance of Plaintiff's shares to the Director. Specifically, Ohio Revised Code § 169.07(A) provides that, upon the payment of unclaimed funds to the Director, Lincoln and Computershare were "relieved of further

responsibility for the safe-keeping thereof and will be held harmless by the state from any and all liabilities for any claim arising out of the transfer of such funds to the state." Further, pursuant to Ohio Revised Code § 169.07(B), the Director must intervene and assume the defense of these proceedings initiated against the Lincoln and Computershare upon written notice. If judgment is entered against Lincoln and Computershare, the Director must reimburse the amount of the judgment, as well as any attorneys' fees, costs, and other expenses incurred.

**B. The Underlying Action**

23. On December 22, 2020, Plaintiff filed a complaint against Lincoln and Computershare, alleging that they are liable for damages stemming from their mandated reporting and remittance of Plaintiff's 11,900 Lincoln shares to the Director after the statutory five-year period of abandonment for the property.

24. On January 5, 2021, pursuant to Ohio Revised Code § 169.07(B), Lincoln and Computershare provided written notice to the Director of the pendency of the legal proceedings in connection with their escheatment of Plaintiff's 11,900 Lincoln shares to the custody of the State. (*See* Exhibit A (Jan. 5, 2021 Email).)

25. On January 27, 2021, the Ohio Attorney General issued a letter to Jennifer Waryjas, counsel for Lincoln Electric, stating the Director of the Ohio Department of Commerce declined to intervene and assume the defense of Lincoln Electric in the above-referenced lawsuit. (*See* Exhibit B (Jan. 27, 2021 Ltr).)

26. On March 30, 2021, the Court dismissed the proceedings without prejudice because Plaintiff failed to timely file proof of service. Subsequently, on April 14, 2021, Lincoln and Computershare notified the Director that the proceedings had been dismissed. Lincoln and Computershare reserved all of their rights to resubmit a formal request under Ohio Revised Code § 169.07(B) should the Plaintiff complete service. (*See* Exhibit C (Apr. 14, 2021 Ltr.).)

27. On April 16, 2021, Plaintiff refiled his Complaint against Lincoln and Computershare. (*See* Exhibit D (Apr. 16, 2021 Compl.).) The basis for the refiled Complaint was substantively the same: Plaintiff alleged that Lincoln and Computershare wrongfully escheated his Lincoln shares in breach of their purported contractual and fiduciary duties.

28. On June 28, 2021, pursuant to Ohio Revised Code § 169.07(B), Lincoln and Computershare once again provided written notice to the Director of the refiled Complaint and the pendency of legal proceedings against Lincoln and Computershare in connection with their lawful escheatment of Plaintiff's 11,900 Lincoln shares to the custody of the State. (*See* Exhibit E (June 28, 2021 Ltr. & Attachments).)[1]

29. On July 9, 2021, the Ohio Attorney General issued a response to Michael Gladman, counsel for Lincoln Electric, regarding the June 28, 2021 letter, stating that the Director of the Department of Commerce declined to intervene and assume the defense of Lincoln Electric and Computershare in the above-referenced lawsuit. (*See* Exhibit F (July 9, 2021 Ltr.).)

30. On July 27, 2021, Lincoln and Computershare filed a motion to dismiss Plaintiff's Complaint, denying liability for any of Plaintiff's claims. Plaintiff filed his opposition on September 23, 2021. Plaintiff requested leave to file an amended complaint, which the Court granted on September 24, 2021. Plaintiff filed his Amended Complaint against Lincoln and Computershare on October 1, 2021, asserting the same eight claims and essentially the same factual allegations against Lincoln and Computershare. (*See* Exhibit G (Oct. 1, 2021 Am. Compl.).) Plaintiff continued to allege that his purported damages stemmed from the State's sale of his Lincoln shares.

---

[1] Lincoln and Computershare have redacted Exhibit E to their Third-Party Complaint in accordance with Local Rule 8.1(a). In addition, Lincoln and Computershare have redacted all non-party information, including legal names, addresses, and email addresses, contained in Exhibit E. An unredacted version of Exhibit E has been filed under seal.

31. Lincoln and Computershare filed their Answer to Plaintiff's Amended Complaint on November 5, 2021, denying all allegations of actionable conduct and asserting numerous defenses to Plaintiff's claims. (*See* Exhibit H (Nov. 5, 2021 Answer and Affirmative and Other Defenses of Defs.).)

32. On November 17, 2021, pursuant to Ohio Revised Code § 169.07(B), Lincoln and Computershare provided supplemental written notice to the Director of the Amended Complaint and Answer, requesting that the Director intervene and assume the defense of the proceedings. (*See* Exhibit I (Nov. 17, 2021 Ltr. & Attachments).)[2] That again triggered the Director's statutory duty to indemnify Lincoln and Computershare for the full amount of any judgment against them in this action, including attorneys' fees, costs, and other expenses incurred.

**COUNT ONE (CONTRIBUTION)**

33. Lincoln and Computershare repeat and reallege each and every allegation contained in Paragraphs 1 through 32 above, with the same force and effect as if fully set forth herein.

34. During the 2019 compliance season, Computershare, acting in its capacity as transfer agent of Lincoln stock, identified Plaintiff's account as a dormant account on which there had been no owner-generated activity as defined by the Act and its regulations for over five years. On July 9, 2019, Computershare sent Plaintiff a due diligence letter mailed certified, return-receipt to his last known address in Mentor, Ohio. The letter requested a response by August 23, 2019 if the shares were not to be escheated to the State. Computershare received no response.

35. As required by the Act, on August 30, 2019, Lincoln and Computershare reported and remitted Plaintiff's 11,900 Lincoln shares to the custody of the Director. The Act provides

[2] [2] Lincoln and Computershare have redacted Exhibit I to their Third-Party Complaint in accordance with Local Rule 8.1(a). In addition, Lincoln and Computershare have redacted all non-party information, including legal names, addresses, and email addresses, contained in Exhibit I. An unredacted version of Exhibit I has been filed under seal.

that "[s]ecurities and other intangible property transferred to the director shall, within a reasonable time, be converted to cash and the proceeds deposited as provided for other funds." Ohio Rev. Code § 169.05(A). On information and belief, the State "proceeded to sell said shares . . . and subsequently issuing Plaintiff a check for the proceeds of the sale." (*See* Exhibit G at ¶ 24.)

36. At all times relevant to this matter, the Director was responsible for supervising and administering the Ohio Department of Commerce Division of Unclaimed Funds, which oversaw the sale of Plaintiff's Lincoln shares.

37. Lincoln and Computershare deny liability in the underlying action. However, if Lincoln and/or Computershare are found to be liable to Plaintiff, then they are entitled to contribution from the Director for any amounts awarded to any Plaintiff to the full extent that the Director's conduct contributed to Plaintiff's damages.

38. In the absence of contribution from the Director for any damages awarded against Lincoln and Computershare, liability for which they deny, Lincoln and Computershare will bear an unfair proportion of the obligations to Plaintiff.

**COUNT TWO (INDEMNIFICATION)**

39. Lincoln and Computershare repeat and reallege each and every allegation contained in Paragraphs 1 through 38 hereof, with the same force and effect as if fully set forth herein.

40. The Director has a statutory duty to hold Lincoln and Computershare harmless from any and all liabilities for Plaintiff's claims, as those claims arose from their lawful and statutorily-required escheatment of the 11,900 Lincoln shares to the State. *See* Ohio Rev. Code § 169.07(A).

41. Under Ohio Revised Code § 169.07(A), "[u]pon the payment of unclaimed funds to the director of commerce under section 169.05 of the Revised Code [the Act] the holder will be

relieved of further responsibility for the safe-keeping thereof and will be held harmless by the state from any and all liabilities for any claim arising out of the transfer of such funds to the state."

42. Pursuant to Ohio Revised Code § 169.07(B), the Director must intervene and assume the defense of any proceedings initiated against the holder upon written notice. If judgment is entered against the holder, the Director must, upon proof of satisfaction of the judgment, reimburse the holder for the amount of the judgment and for any attorneys' fees, costs, and other expenses incurred in the proceedings.

43. In compliance with Ohio Revised Code § 169.07(B), Lincoln and Computershare provided written notice of Plaintiff's lawsuit against them. Those notices triggered the Director's statutory duty to indemnify Lincoln and Computershare for the amount of any judgment against them in this action, as well as any attorneys' fees, costs, and other expenses they should incur in these proceedings.

44. In the event that Lincoln and Computershare are found liable to Plaintiff, which liability they deny, the Director must reimburse the amount of the judgment, as well as any attorneys' fees, costs, and other expenses Lincoln and/or Computershare incur.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment against the Director and/or the Superintendent as follows:

- For the amount of any judgment entered on any claim in favor of Plaintiff and against Lincoln and/or Computershare, together with interest;
- For reasonable costs, attorneys' fees, and other expenses Lincoln and/or Computershare incur in this action; and
- For such other relief as the Court deems just and proper.

## **JURY DEMAND**

Lincoln and Computershare demand a trial by jury on all of its third-party claims against the Director so triable.

*/s/ Michael R. Gladman*
Michael R. Gladman (Ohio Bar 0059797)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
Telephone: (614) 281-3865
Facsimile : (614) 451-4196
E-mail: mrgladman@jonesday.com

Brittany N. Wilhelm (Ohio Bar 0096866)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: bwilhelm@jonesday.com

*Counsel for Defendants/Third-Party Plaintiffs Lincoln Electric Holdings, Inc. and Computershare Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2021, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

*/s/ Michael R. Gladman*
*Counsel for Defendants/Third-Party Plaintiffs Lincoln Electric Holdings, Inc. and Computershare Inc.*