# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROGER MERRIL<br>Plaintiff,<br><br>v.<br><br>COMPUTERSHARE INC., LINCOLN ELECTRIC HOLDINGS, INC.,<br><br>Defendants. | Case. No. ________________ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Roger Merril brings this action against Defendants Computershare Inc. Lincoln Electric Holdings, Inc. to recover damages for Defendants wrongfully escheatment of shares of Lincoln Electric Holdings, Inc. stock to Ohio, in violation of their duties to Plaintiff, their contractual obligations, and state and federal law. At all times, Defendants knew how to locate and contact Plaintiff. They nevertheless wrongly claimed that Plaintiff had abandoned his stock. As a result of Defendants' wrongful actions, Plaintiff has suffered damages, including but not limited to the loss in valuation increase of the escheated stock, lost revenue from quarterly dividends and negative tax consequence, all of which were completely avoidable absent the wrongful acts of Defendants.

**Parties**

1. Plaintiff Roger Merril is an individual residing the Lake County, Ohio who was a former employee of Lincoln Electric Holdings, Inc. and the owner of shares of Lincoln Electric Holdings Inc. stock through both individual purchase and grant of shares by Lincoln

Electric Holdings, Inc. to their employees.

2. Defendant Computershare Inc. is a corporation formed under the laws of the state of Delaware and is duly registered to do business as a foreign corporation in the State of Ohio. It is a citizen of the State of Delaware. On information and belief, Computershare Inc. has its principal place of business in Canton, Massachusetts acted as the transfer agent of Defendant Lincoln Electric Holdings, Inc. during all relevant periods.

3. Defendant Lincoln Electric Holdings, Inc. ("Lincoln") is an industrial manufacturing company, a citizen of the State of Ohio, is incorporated under the laws of the State of Ohio and is headquartered and has its principal place of business in Cleveland, Ohio. Lincoln stock is traded on the NASDAQ exchange under the symbol LECO.

**Jurisdiction and Venue**

4. This Court has federal subject matter jurisdiction over this matter based on the federal questions raised by Plaintiff' federal law claims.

5. The United States District Court for the District of Ohio is the proper venue for this matter pursuant to 28 U.S.C. § 1391 and O.R.C. 2307.382 as Defendants are either residents of this state and/or regularly transact business in this state, offer goods and services in this State, had contracted with Plaintiff (a residence of this State and judicial district) for the provision of services and the tortious acts of Defendants, regardless of the location they were committed, causes injury to a citizen of the State of Ohio located within this jurisdictional district and under 28 U.S.C. § 1331 regarding federal question / federal causes of action.

**Facts**

6. Plaintiff was an employee of Defendant Lincoln for in excess of thirty years.

7. Plaintiff, as part of his regular compensation, was awarded shares of Lincoln Stock, and also purchased shares individually.

8. As of October 28, 2019, Plaintiff was the owner of 11,900 shares of stock.

9. Plaintiff received his last dividend check, totaling $5,593.00 in July of 2019.

10. The dividend checks acted as a retirement supplement for Plaintiff.

11. Plaintiff always intended on keeping his shares of Defendant Lincoln until the time of his death, at which time they would pass without negative tax consequence to his heirs through his estate.

12. On information and belief, the Computershare Defendants were contracted by Defendant Lincoln to manage all stock transactions and oversee all necessary paperwork, industry standards and statutory requirements as it applied to the Lincoln stock were met.

13. On information and belief, as part of the agreement with Lincoln, Computershare's agreed to provide services related to the escheatment of Lincoln's abandoned or unclaimed securities.

14. These services included, without limitation, services to locate lost shareholders and to communicate with shareholders to prevent escheatment and services to determine whether Lincoln shares constituted unclaimed property.

15. Plaintiff was and is the intended third-party beneficiaries of Computershare's contract with Lincoln to provide escheat services, including any indemnity provisions set forth therein.

**Plaintiff' Communications with Defendants**

16. On information and belief, Lincoln and periodically sent correspondence to Plaintiff regarding his shares, which Plaintiff received. On information and belief, no correspondence sent to Plaintiff by Lincoln or Computershare was ever returned as undeliverable.

17. In addition, on information and belief, Computershare was required to calculate

and issue dividend checks on behalf of Lincoln, as a regular part of their servicing agreement.

18. At no time was any dividend payment issued to Plaintiff not promptly deposited in his account, and at no time were any payments ever returned.

19. On information and belief, at no time relevant to this litigation did Computershare and/or Lincoln ever receive any indication that Plaintiff was deceased, incapacitated or intended to abandon his shares in Lincoln.

**Defendants Wrongfully Escheated Plaintiff's Shares**

20. Even though at all relevant times Lincoln and Computershare were aware of the location of Plaintiff, and Plaintiff regular acceptance and deposit of his quarterly dividend check form Defendants, Computershare, acting as the agent of Lincoln, erroneously reported to the State of Ohio on or between August and October 2019 that 11,900 shares owned by Plaintiff had been "abandoned" and constituted "unclaimed property" and then delivered Plaintiff's 11,900 shares to Ohio on before October 28, 2019. That is, they escheated the shares to Ohio.

21. Upon receipt of the shares, Defendant State of Ohio then proceeded to sell said shares rightfully belonging to Plaintiff, and subsequently issuing Plaintiff a check for the proceeds of the sale, despite Plaintiff having never abandoned his shares and having no desire to liquidate the shares.

22. Computershare states on its website (available at https://www-us.computershare.com/content/download.asp?docId=%7BFFD8EC48-FF06-4700-9176-D42E34B17A84%7D): "State law requires all companies to perform due diligence searches to locate holders at risk of escheatment before declaring their property to be abandoned."

23. On information and belief, Computershare did not perform a due diligence search to locate or communicate with Plaintiff before declaring their property to be abandoned.

24. Under Ohio Law, acceptance of a dividend payment is one of the actions that prevents a property from being declared legally abandoned.

25. Neither Computershare nor Lincoln ever provided Plaintiff with any notice that his shares in Lincoln could potentially be or actually would be escheated if any particular action was not taken before the shares were escheated.

26. In addition, neither Computershare nor Lincoln ever provided Plaintiff with any notice that his shares were to be escheated before they were escheated.

27. Neither Computershare nor Lincoln ever informed or disclosed to the Plaintiff that, in their view, (a) Plaintiff's shares were subject to Ohio's unclaimed property laws, (b) Plaintiff was required to initiate affirmative contact with such Defendants regarding the shares on any periodic basis, or (c) there was even the possibility that, under certain circumstances, Plaintiff's shares could be deemed abandoned property and escheated to the State of Ohio.

28. Neither Computershare nor Lincoln disclosed to Plaintiff that there had been any change in Ohio's unclaimed property laws that, in their view, would result in the automatic escheat of Plaintiff's shares unless immediate action was taken.

29. Computershare sent periodic securities account statements to shareholders during the relevant period that state: "This advice is your record of the share transaction affecting your account on the books of the Company. … It should be kept with your important documents as a record of your ownership of these shares. ***No action on your part is required***, unless you wish to deposit your existing certificates, sell or request a certificate, or transfer your book-entry shares." (Emphasis added.)

30. At no time did Ohio attempt to contact Plaintiff to notify him that his shares had been escheated or to attempt to return their shares to him before selling Plaintiff's

shares

**Count I: Negligence**
**(Against All Defendants)**

31. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

32. Computershare and Lincoln owed duties to Plaintiff to, among other things, account properly for the status of Plaintiff's shares, exercise due care and diligence in exercising control over the disposition of Plaintiff's shares, and manage and handle Plaintiff' shares in a manner that complied fully with federal and state law.

33. Computershare and Lincoln breached their duties to Plaintiff by wrongfully escheating Plaintiff' shares in Lincoln to the State of Ohio.

34. The Ohio Escheats Law, notices of property deemed to have been abandoned must be sent via certified mail if the property, as in this case, has a value in excess of $1000.00.

35. The Ohio Escheats Law also requires that two of the following three forms of verification of contact with the owner be kept before deeming property abandoned, a failure to respond to a letter via first class mail, along with the notice of abandoned property, the return of a first class letter as undeliverable and an electronic and/or manual search of public records failed to verify the last known address of the property holder.

36. The escheat of Plaintiff's shares is also contrary to the federal common law rules adopted by the United States Supreme Court for determining when states have the right and jurisdiction to escheat unclaimed intangible property.

37. Even if Ohio law were applicable to Plaintiff's shares, Computershare and Lincoln erroneously applied the incorrect standard for escheat. Furthermore, even under that standard, Plaintiff's shares would not have been escheatable because Plaintiff did in fact have

contact with Lincoln with respect to his shares during the three-year period prior to the date his shares were escheated.

38. Computershare and Lincoln also breached their duties to Plaintiff by failing to conduct due diligence to determine, among other things, (a) whether Plaintiff' shares were actually abandoned, (b) the date of Plaintiff' last contact with Lincoln, specifically the last date of acceptance of a dividend payment by Plaintiff and (c) whether the Ohio Escheat Law applied to Plaintiff's shares at all.

39. Computershare and Lincoln also breached their duties to Plaintiff by failing to contact Plaintiff with respect to his shares, even though such Defendants knew how to contact Plaintiff, and by failing to notify Plaintiff of their intent to escheat Plaintiff' shares in the (supposed) absence of such contact or other action.

40. Computershare also breached its duties by failing to inquire with Lincoln regarding Plaintiff's contacts and relationship with Lincoln and other facts that would be relevant to determining whether Plaintiff had abandoned his shares.

41. Lincoln also breached its duties by failing to inform Computershare of such contacts and relationship and other relevant facts.

42. Computershare and Lincoln also breached their duties to Plaintiff by (a) failing to notify Plaintiff that they intended to escheat his shares to the State of Ohio and (b) failing to notify Plaintiff that the shares had in fact been escheated.

43. Computershare and Lincoln also breached their duties to Plaintiff by failing to disclose to Plaintiff in any document that (a) Defendants believed Plaintiff' shares could even potentially be escheated to a state under certain circumstances, (b) Ohio's Escheats Law applied to Plaintiff's shares, or (c) there was a change in law in Ohio that, in such Defendants'

view, would result in the automatic escheat of Plaintiff' shares unless immediate action was taken.

44. Computershare's and Lincoln's actions in escheating Plaintiff' shares to Ohio did not meet reasonable commercial standards of practice in the securities industry.

45. As a result of Computershare's and Lincoln's negligence, Plaintiff has been deprived of his quarterly dividend check, has had his estate planning process circumvented by third party actors, has been subjected to unnecessary and completely avoidable capital gains tax and has been damaged in an amount to be proven at trial, said amount being not less than $75,000.00

**Count II: Violation of Ohio Consumer Sales Act (Against All Defendants)**

46. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

47. By their acts and omissions set forth in detail above, Computershare and Lincoln recklessly, willfully and knowingly engaged in unfair and/or deceptive acts and/or practices in violation of the Ohio General Laws.

48. These acts and omissions include, without limitation, (a) Computershare's and Lincoln's wrongful escheat of Plaintiff's shares, (b) Computershare's and Lincoln's failure to notify Plaintiff that they intended to escheat his shares to the State of Ohio, or contact Plaintiff to prevent (in such Defendants' view) such escheatment, (d) Computershare's and Lincoln's failure to notify Plaintiff that his shares had in fact been escheated, (e) Computershare's and Lincoln's misrepresentation to Plaintiff that his shares had been escheated to Ohio, which misrepresentation caused a delay of approximately sixteen??? months in Plaintiff' attempts to recover his shares, (f) Computershare's and Lincoln's failure to disclose to Plaintiff that such Defendants

believed Plaintiff's shares could even potentially be escheated to a state under certain circumstances, or that there was a change in law in Ohio that, in such Defendants' view, would result in the automatic escheat of Plaintiff' shares unless immediate action was taken, (g) Computershare's and Lincoln's failure to notify Plaintiff that his shares were about to be, or had in fact been, escheated to Ohio, and (h) Computershare's and Lincoln's failure to provide sufficient information to Ohio to enable it to return Plaintiff' shares to him.

49. Computershare's and Lincoln's acts and omissions set forth above were done recklessly, willfully and knowingly.

50. These actions occurred substantially in and from Ohio, where both Lincoln and Computershare are located.

51. Had Computershare or Lincoln advised, notified or made adequate disclosures to Plaintiff as it should have, Plaintiff would have taken steps to protect their substantial interests and to ensure that their shares would not be escheated.

52. As a result of Computershare's and Lincoln's acts and omissions, Plaintiff have been damaged in an amount to be proven at trial, said amount being not less than $75,000.00.

**Count III: Conversion**
**(Against All Defendants)**

53. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

54. Plaintiff owned a combined total of 11,900 shares in Lincoln prior to the time that Computershare and Lincoln wrongfully escheated their shares to the State of Ohio.

55. In wrongfully escheating the shares, Computershare and Lincoln exercised ownership, control, and/or dominion over Plaintiff's property, to which they had no right of

possession, thereby depriving Plaintiff of his valuable property.

56. As a result of Computershare's and Lincoln's conversion, Plaintiff has been damaged in an amount to be proven at trial, said amount being not less than $75,000.00.

**Count IV: Breach of Contract**
**(Against All Defendants)**

57. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

58. Lincoln is required to comply with any escheat or unclaimed property laws that apply to abandoned or unclaimed securities that it issues. Under such laws, Lincoln has a duty to communicate periodically with its shareholders to prevent their shares from being escheated.

59. On information and belief, Lincoln contracted with Computershare to provide transfer agent services, including services related to the escheatment of Lincoln's abandoned or unclaimed securities. These services included, without limitation, services to locate lost shareholders and to communicate with shareholders to prevent escheatment and services to determine whether Lincoln shares constituted unclaimed property.

60. The shareholders of Lincoln , including Plaintiff, were and are the intended third-party beneficiaries of the contract, including any indemnity provisions set forth therein.

61. By Computershare's acts and omissions set forth herein, including but not limited to its wrongful escheatment of Plaintiff's shares to the State of Ohio and its failure to provide notice of such escheatment to Plaintiff, Computershare breached its duties under the contract with Lincoln.

62. Computershare also breached its duties by failing to inquire with Lincoln regarding Plaintiff's contacts and relationship with Lincoln and other facts that would be relevant to determining whether Plaintiff had abandoned his shares.

63. Lincoln also breached its duties by failing to inform Computershare of Plaintiff's contacts and relationship and other such relevant facts.

64. As a result of Computershare's breach of contract, Plaintiff have been damaged in an amount not less than $75,000.00

**Count V: Breach of the Implied Covenant of Good Faith and Fair Dealing (Against All Defendants)**

65. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

66. On information and belief, Lincoln contracted with Computershare to provide transfer agent services, including services related to the escheatment of abandoned or unclaimed securities.

67. By wrongfully escheating Plaintiff's shares and failing to notify Plaintiff of the potential or actual escheat of his shares, and for other reasons set forth herein, Computershare and Lincoln breached the implied covenant of good faith and fair dealing, resulting in harm to Plaintiff.

68. Computershare also breached the implied covenant of good faith and fair dealing by failing to inquire with Lincoln regarding Plaintiff's contacts and relationship with Lincoln and other facts that would be relevant to determining whether Plaintiff had abandoned his shares.

69. In addition, Lincoln also breached the implied covenant of good faith and fair dealing by failing to provide necessary reports to Computershare regarding of Plaintiff's contacts and relationship with Lincoln, and by failing to provide necessary information and disclosures to Lincoln's shareholders, as well as the other acts and omissions described herein.

70. Both Computershare's and Lincoln's actions and inactions deprived Plaintiff

of the fruits of the contract, unfairly interfering with the rights of Plaintiff, the third-party beneficiaries, to receive the benefits of the contract.

71. As a result of Computershare's and Lincoln's breaches of the implied covenant of good faith and fair dealing, Plaintiff have been damaged in an amount not less than $75,000.00.

**Count VI: Breach of Fiduciary Duty**
**(Against Defendant Lincoln)**

72. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

73. Lincoln and its officers or directors had fiduciary duties to Plaintiff to, among other things, safeguard and protect Plaintiff's shares, maintain accurate books and records regarding Plaintiff' ownership of shares, not make untrue statements of material facts or conceal material facts, or engage in any practice or course of business that would operate as a deceit.

74. Lincoln and its officers and directors breached those duties by, among other things, (a) erroneously determining that shares owned by Plaintiff were abandoned and thus escheatable; (b) wrongfully escheating Plaintiff' shares in violation of law; (c) failing to notify Plaintiff of such escheat; (d) failing to maintain accurate books and records regarding Plaintiff's ownership of shares; (e) failing to convey such information to Computershare, its transfer agent; and (f) failing to make disclosures to Plaintiff of material facts. .

75. Lincoln knew or should have known that Plaintiff had not abandoned his shares for a number of reasons, including that Plaintiff or his principals had regular contact with Lincoln and ws a key participant in Lincoln's business.???

76. As a result of Lincoln's breach, Plaintiff have been damaged in an amount not less than $75,000.00.

**Count VII: Violation of 15 U.S.C. §§ 77a-77bbb, 78a-78hh (Federal Securities Laws) (Against All Defendants)**

77. Plaintiff incorporate by reference all the foregoing paragraphs above as though fully set forth herein.

78. The Securities Act of 1933 (15 U.S.C. §§ 77a-77bbb) (the "1933 Act") and the Securities and Exchange Act of 1934 (15 U.S.C. §§ 78a-78hh) (the "1934 Act") are designed specifically to protect Plaintiff and his stock investments. (The 1933 Act and the 1934 Act are collectively referred to as the "Federal Securities Laws.")

79. The Federal Securities Laws, including Sections 11 and 12(1), 12(2), 13(e) of the 1933 Act, and Sections 10b, 13(e), 13e-3, 14(a), 14(e), 15(c)(1), 16(b), and 18 of the 1934 Act, guarantee Plaintiff the right, among other things, to transfer his shares of stock as he pleases, to receive material information on his investments, and to vote on shareholder issues. The Federal Securities Laws further specify that a fiduciary relationship exists and runs from the corporation to stock investors like Plaintiff. Defendants' conduct interfered with the federal securities protections designed to protect Plaintiff.

80. The improper escheat of Plaintiff's shares by Computershare and Lincoln without proper notice and due process violates and directly interferes with the application of the Federal Securities Laws.

81. Specifically, among other violations of the Federal Securities Laws, Computershare and Lincoln violated §10(b) of the Exchange Act and Rule 10b-5 inasmuch as they intentionally or recklessly and in conscious disregard of the law engaged in the acts, practices and omissions previously alleged, including:

(a) employing devices, schemes and artifices to wrongfully deprive Plaintiff of his shares;

(b) making untrue statements of material facts (for example, that Plaintiff' shares were escheated to Ohio) or omitting to state material facts necessary in order to make the statements made not misleading in light of the circumstances under which they were made, including but not limited to (a) Computershare's and Lincoln's failure to notify Plaintiff that, in their view, the Ohio's Escheats Law applied to Plaintiff's shares in Lincoln and that Plaintiff must, therefore, familiarize himself and comport himself with that law with respect to their shares, (b) Computershare's and Lincoln's failure to notify Plaintiff that changes had been made to Ohio's unclaimed property laws that, in their view, would result in the automatic escheat of Plaintiff's shares unless immediate action was taken, (c) Computershare's and Lincoln's failure to notify Plaintiff that his shares had in fact been escheated, and (d) Computershare's and Lincoln's failure to notify Plaintiff that his shares were about to be, or had in fact been, escheated to Ohio; and

(c) engaging in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff, including escheating Plaintiff's shares even though Computershare and Lincoln knew or should have known that the shares were not abandoned and even though Computershare and Lincoln at all times knew how to contact Plaintiff with respect to his shares.

82. Computershare and Lincoln, individually and in concert, directly and indirectly, by the use, means, or instrumentalities of interstate commerce and/or of the mails, recklessly and in conscious disregard of the law engaged and participated in a continuous course of conduct that concealed material information about the proper status of Plaintiff's shares as specified herein or the applicable law governing them.

83. As a result of Computershare's and Lincoln's acts and omissions and violations

of the Federal Securities Laws, Plaintiff has been damaged in an amount not less than $75,000.00.

**Count VIII: Violations of 42 U.S.C. § 183 (Against All Defendants)**

84. Plaintiff incorporates by reference all the foregoing paragraphs above as though fully set forth herein.

85. Plaintiff was the rightful owner of 11,900 Lincoln shares escheated by Computershare and Lincoln to Ohio. Plaintiff had a property interest in the shares escheated to Ohio.

86. Computershare and Lincoln claim to have escheated Plaintiff's shares pursuant to the Ohio Escheats Law.

87. The escheat of unclaimed property is an exercise of the state's sovereign authority and, as such, is an exclusively public function.

88. To the extent that Ohio law requires escheat of Plaintiff's shares, Ohio was directly involved in, and was responsible for, the actions taken by Computershare and Lincoln in not only purportedly requiring the escheat of the shares under its Escheats Law, but also validating the escheat of Plaintiff' shares by receiving and subsequently selling the shares.

89. In escheating Plaintiff' shares, Computershare and Lincoln acted in close nexus with Ohio and had a symbiotic and intertwined relationship with Ohio, as Ohio's ability to escheat the shares was necessarily dependent on, and required, Computershare's and Lincoln's actions. Ohio, Computershare and Lincoln thus jointly participated in the escheat of the shares.

90. Computershare's and Lincoln's actions in escheating Plaintiff's shares constituted an integral part of Ohio's escheat system without which Ohio's escheat system could not function.

91. Ohio encouraged and coerced Computershare's and Lincoln's conduct by subjecting Computershare and Lincoln to penalties for any failures to comply with the Ohio Escheats Law. As such, any provisions of the Ohio Escheats Law, or any other guidance released by Ohio that purports to require the escheat of Plaintiff's shares constitutes an affirmative command by Ohio for Computershare and Lincoln to escheat Plaintiff's shares.

92. Thus, Computershare and Lincoln acted under the color of law when they escheated Plaintiff's shares to Ohio.

93. In escheating Plaintiff's shares to Ohio, particularly without notice of the escheat or of any change in the Ohio Escheats Law that would purportedly result in the automatic escheat of Plaintiff's shares, Computershare and Lincoln, acting under color of law, effected a deprivation and taking of Plaintiff's property without due process of law as required under the Fourteenth Amendment to the United States Constitution.

94. Furthermore, under federal common law rules created by the United States Supreme Court for determining when states have the right and jurisdiction to escheat unclaimed intangible property, the State of Ohio had no right or jurisdiction to escheat Plaintiff's shares because Plaintiff's shares were owned by foreign persons. Courts have held that states may not escheat unclaimed property in a manner contrary to these rules. Accordingly, under these federal common law rules, Plaintiff has a federally protected right that their shares may not be escheated by any state, including Ohio.

95. Similarly, under the Commerce Clause of the United States Constitution, Plaintiff has a federally protected right to expect that his shares would be regulated by Congress, if at all, rather than by any individual state. As a result, Plaintiff has a federally protected right to expect that his shares would not be subject to escheat by any state, including

Ohio.

96. Ohio also did not have the right to escheat Plaintiff' shares because, among other reasons, Plaintiff had not abandoned his shares, Computershare and Lincoln knew how to find and contact Plaintiff, and Plaintiff had affirmative contact with Lincoln regarding his shares, including in the three years prior to the date of escheatment.

97. Computershare's and Lincoln's conduct caused Plaintiff to sustain damages in an amount to be proven at trial, said amount being in excess of $75,000.00.

**Prayer For Relief**

WHEREFORE, Plaintiff request the following relief:

1. Award Plaintiff damages, costs, attorneys' fees, and pre-judgment and post-judgment interest, as permitted by applicable law;

2. Award Plaintiff trebble damages and attorneys' fees pursuant to Ohio law.

3. Award Plaintiff attorneys' fees and punitive damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

4. Award Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury of the maximum number on all issues heretofore pled.

PLAINTIFF, ROGER MERRIL,
By and through His Attorneys,

/s/ Jay F. Crook

Jay F. Crook #0078499
Jay F. Crook Attorney at Law, LLC
30601 Euclid Avenue
Wickliffe, OH 44092
PH: 440-944-7020

FAX: 440-943-3096
EMAIL: jay.crook@euclidavelaw.com

/s/ John W. Shryock
John W. Shryock (0031277)
John Shryock Co. LPA
30601 Euclid Avenue
Wickliffe, OH 44092
440-944-7020
FAX: 440-943-3096
john@lawsjws.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| Roger Merril<br>*Plaintiff(s)*<br>v.<br>Lincoln Electric Holdings, Inc.<br>*Defendant(s)* | ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Lincoln Electric Holdings, Inc. c/o service agent
CT Corporation
4400 Easton COmmons Way
Suite 125
Columbus, OH 43219

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jay F. Crook
Jay F. Crook, Attorney at Law, LLC
30601 Euclid Avenue
Wickliffe, OH 44093
jay.crook@euclidavelaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: ______________________

______________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| Roger Merrill<br>*Plaintiff(s)*<br>v.<br>Computershare, Inc.<br>*Defendant(s)* | ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Computershare, Inc. c/o service agent
United Agent Group, Inc.
119 E. Court Street
Cincinnati, OH 45202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jay F. Crook
Jay F. Crook, Attorney at Law, LLC
30601 Euclid Avenue
Wickliffe, OH 44093
jay.crook@euclidavelaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❐ I returned the summons unexecuted because ______________________ ; or

❐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Roger Merrill

(b) County of Residence of First Listed Plaintiff Lake
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jay F. Crook, Jay F. Crook Attorney at Law, LLC, 30601 Euclid Avenue WIckliffe, OH 44092 440-944-7020

## DEFENDANTS

Computershare, Inc., Lincoln Electric Holdings, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☒ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. §§ 77a-77bbb, 78a-78hh

Brief description of cause:
Defendants wrongfully escheated shares to State of Ohio, in violation of Ohio escheatment statute causing financial penalties to Plaintiff

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Dan Aaron Polster DOCKET NUMBER 1:20-cv-02822-DAP

DATE
Apr 15, 2021

SIGNATURE OF ATTORNEY OF RECORD
Jay F. Crook #078499

Digitally signed by Jay F. Crook #078499
Date: 2021.04.15 05:50:27 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check one category only ).

1. ☐ General Civil
2. ☐ Administrative Review/Social Security
3. ☐ Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: ____________

CASE NUMBER: ____________

**II.** **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regardfor the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: ☐ is **RELATED** to another **PENDING** civil case ☐ is a **REFILED** case ☐ was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant** If the defendant resides in a county within this district, please set forth the name of such county

**COUNTY:**

Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant**. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.

**COUNTY:**

(3) **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.

**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

☐ **AKRON** **(Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)**

☐ **CLEVELAND** **(Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)**

☐ **YOUNGSTOWN** **(Counties: Columbiana, Mahoning and Trumbull)**

**WESTERN DIVISION**

☐ **TOLEDO** **(Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.