# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ROGER MERRIL,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN ELECTRIC HOLDINGS, INC. AND COMPUTERSHARE INC.,<br><br>Defendants. | Case No. 1:21-cv-00811<br><br>Judge Dan Aaron Polster<br><br>JURY DEMAND ENDORSED HEREIN |

**ANSWER OF DEFENDANTS LINCOLN ELECTRIC HOLDINGS, INC. AND COMPUTERSHARE INC. TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Lincoln Electric Holdings, Inc. ("Lincoln") and Computershare Inc. ("Computershare") (collectively "Defendants"), by and through the undersigned counsel and based either on their own knowledge of the facts or on information and belief, hereby submit their Answer and Additional Defenses to the Amended Complaint filed by Plaintiff Roger Merril ("Plaintiff") on October 1, 2021.

The allegations in the introductory paragraph of the Amended Complaint are characterizations of Plaintiff's claims to which no response is required. To the extent any response is required, the allegations in this paragraph are denied.

1. Defendants admit that Roger Merril is the Plaintiff in this case. Defendants state that Plaintiff is a former employee of The Lincoln Electric Company, a Lincoln subsidiary. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, which are therefore denied.

2. Defendants admit that Computershare is a corporation formed under the laws of the State of Delaware with its principal place of business in Canton, Massachusetts. Defendants further admit that Computershare is registered to do business in the State of Ohio and that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. To the extent that Paragraph 2 purports to selectively quote from, summarize, or reference that agreement, it speaks for itself. Except as expressly admitted, the allegations in Paragraph 2 are denied.

3. Defendants admit that Lincoln is an industrial manufacturing corporation formed under the laws of the State of Ohio with its principal place of business in Cleveland, Ohio. Defendants further admit that Lincoln stock is traded on the NASDAQ exchange under the symbol LECO. Except as expressly admitted, the allegations in Paragraph 3 are denied.

4. Defendants admit that this Court has jurisdiction over Plaintiff's claims.

5. Defendants admit that venue is proper in this Court.

6. Defendants state that Plaintiff is a former employee of The Lincoln Electric Company, a Lincoln subsidiary. Except as expressly admitted, the allegations in Paragraph 6 are denied.

7. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, which are therefore denied.

8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, which are therefore denied.

9. Defendants state that a dividend payment of $5,593 was direct deposited into an account belonging to Plaintiff on July 15, 2019. Except as expressly admitted, the allegations in Paragraph 9 are denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, which are therefore denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, which are therefore denied.

12. Defendants admit that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. Defendants further respond that Paragraph 12 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. Except as expressly admitted, the allegations in Paragraph 12 are denied.

13. Defendants admit that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. Defendants further respond that Paragraph 13 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. Except as expressly admitted, the allegations in Paragraph 13 are denied.

14. Defendants admit that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. Defendants further respond that Paragraph 14 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. Except as expressly admitted, the allegations Paragraph 14 are denied.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that Lincoln periodically sent certain correspondence to its shareholders. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide Lincoln. Defendants further respond that Paragraph 17 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. Except as expressly admitted, the allegations in Paragraph 17 are denied.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which are therefore denied.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, which are therefore denied.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegation that any notice provided by Computershare was not sent via certified mail. Defendants state that Computershare sent Plaintiff a letter via certified mail on July 9, 2019. Defendants state that the letter was subsequently returned to Computershare. Except as expressly admitted, the allegations in Paragraph 21 are denied.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations directed at the State of Ohio in Paragraph 24, which are therefore denied.

25. Defendants state that Paragraph 25 purports to selectively quote from, summarize, or reference Computershare's website, which speaks for itself. Except as expressly admitted, the allegations in Paragraph 25 are denied.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants state that Paragraph 27 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

28. Defendants state that Paragraph 28 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny that they had any obligation or duty to advise Merril about any change in Ohio's unclaimed property laws. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants state that Paragraph 34 purports to selectively quote from Computershare's purported periodic securities account statements to shareholders during an unidentified time period, which speak for themselves. Except as expressly admitted, the allegations in this paragraph are denied.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations directed at the State of Ohio in Paragraph 35, which are therefore denied

36. Defendants incorporate by reference their responses to Paragraphs 1 through 35.

37. Defendants state that Paragraph 37 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants state that Paragraph 40 purports to selectively quote from, summarize, or reference the Ohio Unclaimed Funds Act, which speaks for itself. To the extent any response is required, the allegations are denied.

41. Defendants state that Paragraph 41 purports to selectively quote from, summarize, or reference the Ohio Unclaimed Funds Act, which speaks for itself. To the extent any response is required, the allegations are denied.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants incorporate by reference their responses to Paragraphs 1 through 51.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants incorporate by reference their responses to Paragraphs 1 through 58.

60. Defendants state that they remitted 11,900 shares to the State of Ohio. Defendants deny the allegation that Lincoln wrongfully escheated Plaintiff's shares to the State of Ohio. Except as expressly admitted, the allegations in Paragraph 60 are denied..

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants incorporate by reference their responses to Paragraphs 1 through 62.

64. Defendants state that Paragraph 64 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

65. Defendants state that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. Defendants further respond that Paragraph 65 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. To the extent any response is required, the allegations are denied.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants incorporate by reference their responses to Paragraphs 1 through 74.

76. Defendants respond that Lincoln and Computershare entered into an agreement governing certain transfer agent services that Computershare would provide to Lincoln. Defendants further respond that Paragraph 76 purports to selectively quote from, summarize, or reference the agreement, which speaks for itself. To the extent any response is required, the allegations are denied.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants incorporate by reference their responses to Paragraphs 1 through 81.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants incorporate by reference their responses to Paragraphs 1 through 90.

92. Defendants state that Paragraph 92 purports to selectively quote from, summarize, or reference the Securities Act of 1933 and the Securities and Exchange Act of 1934, which speak for themselves. To the extent any response is required, the allegations are denied.

93. Defendants state that Paragraph 93 purports to selectively quote from, summarize, or reference Sections 11 and 12(1), 12(2), 13(e) of the Securities Act of 1933, and Sections 10b, 13(e), 13e-3, 14(a), 14(e), 15(c)(1), 16(b), and 18 of the Securities and Exchange Act of 1934, which speak for themselves. To the extent any response is required, the allegations are denied.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants incorporate by reference their responses to Paragraphs 1 through 97.

99. Defendants state that they remitted 11,900 shares to the State of Ohio. Defendants state that Paragraph 99 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

100. Defendants state that Plaintiffs' shares were property reported and remitted pursuant to applicable law. Defendants deny the remaining allegations in Paragraph 100.

101. Defendants state that Paragraph 101 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

102. Defendants state that Plaintiffs' shares were property reported and remitted pursuant to applicable law. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants state that Paragraph 106 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

107. Defendants state that Paragraph 107 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

108. Defendants state that Paragraph 108 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

109. Defendants state that Paragraph 109 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants state that Paragraph 112 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

113. Defendants state that Paragraph 113 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

114. Defendants state that Paragraph 114 contains a purported conclusion of law that is not required to be admitted or denied. To the extent any response is required, the allegations are denied.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Plaintiff's prayer for relief and further deny that Plaintiff is entitled to the relief sought, or any relief, in this action.

117. Defendants demand a trial by jury for all claims in this Amended Complaint so triable.

118. Unless expressly admitted, each and every allegation in the Amended Complaint is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any defenses for which the burden rests upon Plaintiff, regardless of how such defenses are denominated herein, and without waiving defenses not raised below that it need not plead at this time, Defendants set forth the following Affirmative and Other Defenses to the Amended Complaint. Defendants have not knowingly or intentionally waived any applicable affirmative or other defenses and reserve the right to assert further affirmative or other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to plead claims sounding in fraud with particularity.

3. Plaintiff's claims are barred, in whole or in part, under the Ohio Unclaimed Funds Act, Ohio Rev. Code § 169.01 *et seq.*

4. Plaintiff's claims are barred, in whole or in part, because any alleged violation of the Ohio Consumer Sales Practices Act was an act or practice required or specifically permitted by or under federal law or by or under other sections of the Ohio Revised Code.

5. Plaintiff's claims are barred, in whole or in part, because any alleged violation of the Ohio Consumer Sales Practices Act did not result from a consumer transaction.

6. Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff, if any, were not proximately caused by Defendants.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence.

8. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff lacks standing to assert any of the causes of action and/or forms of recovery in the Amended Complaint.

9. Plaintiff's claims are barred, in whole or in part, to the extent that there is no cognizable legal injury, including no injury, loss, or damage, alleged in the Amended Complaint.

10. Plaintiff's claims are barred, in whole or in part, because Defendants did not breach any of the purported duties alleged in the Amended Complaint, whether imposed by contract, statutory law, or common law, if at all, and Defendants' conduct did not, directly or indirectly, constitute unlawful acts.

11. Plaintiff's claims are barred, in whole or in part, because Defendants have no contract with Plaintiff, and Plaintiff is not a third-party beneficiary of any contract between Defendants.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial or equitable estoppel.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

16. Plaintiff's claims for alleged damages, if any, are barred, in whole or in part, because the alleged damages are speculative, uncertain, remote, or contingent and are not recoverable.

17. Plaintiff's claims for alleged damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate damages, entitlement to which is expressly denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray as follows:

1. That the Court enter judgment in favor of Defendants;

2. That the Amended Complaint be dismissed in its entirety with prejudice;

3. That Defendants shall recover all costs of suit and reasonable attorneys' fees incurred herein;

4. That Plaintiff take nothing by reason of the Amended Complaint; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 5, 2021

Respectfully submitted,

*/s/ Michael R. Gladman*

Michael R. Gladman (Ohio Bar 0059797)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
Telephone: (614) 281-3865
Facsimile : (614) 451-4196
E-mail: mrgladman@jonesday.com

Brittany N. Wilhelm (Ohio Bar 0096866)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: bwilhelm@jonesday.com

*Counsel for Defendants Lincoln Electric Holdings, Inc. and Computershare Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2021, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

*/s/ Michael R. Gladman*
*Counsel for Defendants Lincoln Electric Holdings, Inc. and Computershare Inc.*